UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **FORD MOTOR COMPANY**, a Delaware corporation, | **HONORABLE PAUL D. BORMAN** |
| *Plaintiff,* | |
| vs. | **No. 2:06-CV-14374** |
| **REV WHEEL, LLC** a California Limited Liability Company, **PERFORMANCE WHEEL PRODUCTS, INC.,** a suspended California corporation, **PERFORMANCE WHEEL, LLC,** a California Limited Liability Company, **DANTE DESIGN,** an entity of unknown origin, **KRAGER PERFORMANCE,** an entity of unknown origin, and **ROBERT R. McMATH,** an individual, | |
| *Defendants.* | |

KATHLEEN A. LANG (P34695)
DICKINSON WRIGHT PLLC
Attorneys for Plaintiff
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500

GREGORY D. PHILLIPS
SCOTT R. RYTHER
HOWARD, PHILLIPS & ANDERSEN
560 E. 200 South, Suite 300
Salt Lake City, Utah 84102
Tel:     (801) 366-7471
Fax:    (801) 366-7706

*Attorneys for Plaintiff*

_____

**STIPULATED FINAL JUDGMENT, PERMANENT INJUNCTION AND DISMISSAL**

Plaintiff Ford Motor Company ("Ford"), and Defendants Rev Wheel, LLC, a California Limited Liability Company, Performance Wheel Products, Inc., a California corporation, and Robert R. McMath, an individual (collectively the "RWL Defendants") hereby stipulate to and jointly move the Court to enter the following:

## ORDER OF PERMANENT INJUNCTION, FINAL JUDGMENT, AND DISMISSAL OF CLAIMS WITH PREJUDICE

Plaintiff Ford brought this action against the RWL Defendants and others alleging that the defendants' marketing and sale of certain automotive wheels infringes and dilutes Ford's registered trademarks and unregistered trade dress. In this lawsuit, Ford asserts claims for trademark counterfeiting and infringement, trademark dilution, and false designation of origin and false advertising under the Lanham Act, 15 U.S.C. §1051 *et seq.* The parties, having reached a settlement of the claims asserted in this matter, now stipulate and consent to the entry of a permanent injunction as set forth below. Accordingly, the Court enters the following:

### I. FINDINGS OF FACT

1.      Ford is a Delaware corporation with its principal place of business in Dearborn, Michigan.

2.      Defendant Rev Wheel, LLC is a California limited liability company with its principal place of business at 3350 Mary Street, Riverside, California 92506.

3.      Defendant Performance Wheel Products, Inc. is a suspended California corporation, with its principal place of business at 7633 Cypress Avenue, Riverside, California 92503.

4.      Defendant Robert R. McMath is an individual and principal of Rev Wheel, LLC, Performance Wheel Products, Inc., and Performance Wheel, LLC.

5.     Ford began using the trademark MUSTANG® in commerce in 1964, and first obtained a trademark registration for the trademark MUSTANG® in 1987. Ford has since obtained numerous United States Trademark Registrations for the trademark MUSTANG®. Ford has also registered at least two design marks used in conjunction with the MUSTANG® trademark, which are referred to herein as the RUNNING PONY® Logos. These marks are depicted below. Ford's federal trademark registrations for the MUSTANG® mark and the RUNNING PONY® Logos are valid, unrevoked, subsisting, and incontestable, and Ford has established exclusive ownership of these marks.



| USPTO Registration Nos. 030501 030524 261111 261121, 2000111 | USPTO Registration No. 1416549 |
| --- | --- |

6.     Ford first obtained a trademark registration for the COBRA® trademark in 1966, and has since obtained numerous other registrations for that mark. Ford has also registered at least two design marks used in conjunction with the COBRA® trademark, which are referred to herein as the COBRA® Logos. These marks are depicted below. Ford's federal trademark registrations for the COBRA® mark and the COBRA® Logos are valid, unrevoked, subsisting, and incontestable, and Ford has established exclusive ownership of these marks.

3



| USPTO Registration No. 2268150 | USPTO Registration No. 2022759 |

7.      Ford has acquired trade dress rights in the inherently distinctive vehicle body shape of the MUSTANG® vehicle, which is recognized throughout the world.  This distinctive shape functions as a trademark.

8.      The distinctive design and shape of the MUSTANG® vehicle is immediately identifiable and associated by the general public with Ford, and has thus acquired secondary meaning. (The registered and common law trademarks identified above and the trade dress in Ford's vehicles are collectively referred to hereafter as the "Ford Marks.")

9.      As a result of extensive advertising and expenditures, Ford has established considerable goodwill in the Ford Marks.  The Ford Marks are world-famous and distinctive, and have become associated by the consuming public exclusively with Ford.

10.      Subsequent to Ford's development, use, and registration of the Ford Marks and without Ford's consent, the RWL Defendants began using the Ford Marks, or confusingly similar versions of them, on and in connection with replica "Original Equipment Wheels."  The RWL Defendants' use of the Ford Marks includes the use of the Ford trade dress in their advertising and promotional materials.

11.      In addition to using the Ford Marks, and colorable imitations thereof, defendants also mimic the spoke patterns and overall appearance of Ford's genuine products.

12.     The RWL Defendants are not affiliated with Ford and are not authorized, sponsored, or licensed by Ford.

13.     The RWL Defendants' use of the Ford Marks in conjunction with the sale of "replica" wheels is likely to cause potential purchasers of the RWL Defendants' products, as well as the public at large, to believe that the RWL Defendants' products are affiliated with, authorized, sponsored by, or endorsed by Ford.   In addition, the RWL Defendants' use of the Ford Marks dilutes the distinctiveness of the Ford Marks.

## II. CONCLUSIONS OF LAW

14.     This Court has subject matter jurisdiction over Ford's Lanham Act claims under 28 U.S.C. § 1331 and over its common law claim under 28 U.S.C. § 1367.

15.     The RWL Defendants are subject to personal jurisdiction in this district having purposefully directed their activities at Ford Motor Company in this district, and having directed marketing activities toward consumers in this district.

## III. JUDGMENT AND PERMANENT INJUNCTION

Based on the foregoing, and on the parties' stipulation, it is hereby ORDERED that:

1.     The RWL Defendants and their owners, shareholders, officers, directors, employees, agents, successors and all persons acting in concert or in participation with any of them, are permanently enjoined from misappropriating and using, without Ford's written authorization, any of the Ford Marks as defined above, in connection with the manufacture, marketing, promotion, or sale of any products or services;

2.     The RWL Defendants and their owners, shareholders, officers, directors, employees, agents, successors and all persons acting in concert or in participation with any of them, are permanently enjoined from using any other false designation or false description or representation or trade dress or any other thing calculated or likely to cause confusion or mistake in the public mind or to deceive the public into believing that any wheels or other products

5

produced or marketed by the RWL Defendants are related in any way to Ford;

     3.    The RWL Defendants and their owners, shareholders, officers, directors, employees, agents, successors and all persons acting in concert or in participation with any of them, are permanently enjoined from otherwise violating Ford's trademark rights;

     4.    The RWL Defendants and their owners, shareholders, officers, directors, employees, agents, successors and all persons acting in concert or in participation with any of them, are ordered to, within thirty (30) days of the date of this JUDGMENT AND PERMANENT INJUNCTION, turn over to Ford for disposal or destruction all wheels or other inventory of products in the possession of the RWL Defendants that bear or use any Ford Mark as defined above;

     5.    The RWL Defendants are ordered to disclose to Ford's counsel, within thirty (30) days after the entry of this JUDGMENT AND PERMANENT INJUNCTION: (a) information and/or documents sufficient to disclose to Ford all sources and suppliers from whom the RWL Defendants have acquired or purchased any replica wheels or other products that use or copy any Ford Mark as defined above; and (b) an accounting of all wheels or other products that use or bear any Ford Mark as defined above manufactured, purchased, and/or sold by the RWL Defendants during the past five (5) years, with such accounting showing separately the quantity, price, and total dollar volume for each year; and

## IV. PARTIES' SETTLEMENT

Ford and the RWL Defendants have entered into a Settlement Agreement for the resolution of the claims asserted in this matter. A copy of said Settlement Agreement is attached to this FINAL JUDGMENT AND PERMANENT INJUNCTION as Exhibit "A." The Court hereby incorporates the terms of the Settlement Agreement into this FINAL JUDGMENT AND PERMANENT INJUNCTION and retains jurisdiction to enforce the terms of said Settlement Agreement.

## V. DISMISSAL OF CLAIMS

Based upon the parties' Stipulation and Settlement, all claims asserted by Ford against the RWL Defendants in this action are hereby DISMISSED with prejudice. However, the Court retains and shall have continuing jurisdiction to enforce the terms of this FINAL JUDGMENT AND PERMANENT INJUNCION as well as the Settlement Agreement as set forth above.

SO ORDERED AND ADJUDGED.

DATED: _1 - 3 1_____, 2007.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

7

STIPULATED AND AGREED TO:

**DICKINSON WRIGHT PLLC**

By:_____
     KATHLEEN A. LANG (P34695)
     500 Woodward Avenue, Suite 4000
     Detroit, Michigan 48226
     Telephone: (313) 223-3500

     GREGORY D. PHILLIPS
     SCOTT R. RYTHER
     **HOWARD, PHILLIPS & ANDERSEN**
     560 E. 200 South, Suite 300
     Salt Lake City, Utah 84102
     Telephone: (801) 366-7471

     Attorneys for Plaintiff Ford Motor Company

By:_____
     DONALD P. ERMSHAR
     5013 Arlington Avenue, Suite B
     Riverside, California 92504
     Telephone: (951) 352-4535

     Attorneys for Defendants Rev Wheel, LLC,
     Performance Wheel Products, Inc.,
     and Robert R. McMath

8

# EXHIBIT A

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is made this ___day of January, 2007 (the "Effective Date"), between Ford Motor Company, a Delaware corporation ("Ford"), on the one hand, and Rev Wheel, LLC, a California Limited Liability Company, Performance Wheel Products, Inc., a California corporation, and Robert R. McMath, an individual (collectively the "RWL Parties"), on the other hand.

WHEREAS, Ford manufactures, advertises, and sells automobiles, parts, accessories, other products and services that bear, or are marketed under, valuable trademarks and trade dress, both registered in the United States Patent and Trademark Office, and at common law, developed by Ford, including, but not limited to, Ford®, Ford Blue Oval®, Mustang®, Running Pony Logo®, Cobra®, and Cobra Logo® (drawings), (collectively the "Ford Marks");

WHEREAS, Plaintiffs have asserted various claims against the RWL Parties for trademark infringement and dilution in a lawsuit pending in the United States District Court in and for the Eastern District of Michigan captioned *Ford Motor Company v. Rev Wheel, LLC, et. al.,* Civil Action No. 2:06-cv-14374 (the "Lawsuit"); and

WHEREAS, the parties now desire to resolve their dispute and fully settle the claims asserted in the Lawsuit;

NOW THEREFORE, in consideration of the premises and the mutual covenants hereinafter contained and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1.     <u>Agreement to Cease and Desist Unauthorized Use of the Ford Marks</u>.  The RWL Parties hereby agree to cease and desist from all unauthorized uses of the Ford Marks and/or any variations or confusingly similar versions of such marks, in any products, services, advertisements, videos, promotional literature, promotional telecasts, broadcasts, signage, on the Internet, or otherwise, in connection with the advertisement and sale of any product, good, part, or service.

2.     <u>Payment of Attorneys' Fees and Damages</u>.  The RWL Parties will pay to Ford Motor Company the sum of Thirty Four Thousand Two Hundred Dollars ($34,200.00) as damages and reimbursement of Ford's attorneys' fees incurred in this matter pursuant to the following payment schedule:

1)     $18,000.00 due within 10 days of execution of the settlement agreement.

2)     Two additional payments to be paid as follows: $8,100.00 due within 90 days of execution of the settlement agreement; $8,100.00 due within 180 days of execution of the settlement agreement

1

3.    <u>Agreement regarding sale of products bearing Ford's trademarks</u>.  The RWL Parties agree to cease the sale of products bearing unauthorized replications of Ford's trademarks.  Nothing in this agreement shall prevent the RWL Parties from advertising, marketing, distributing, or selling merchandise bearing the Ford name and marks which has been purchased or obtained from any entity which is licensed by Ford to distribute or sell such merchandise.  With regard to the RWL Parties' sales of products which Ford alleges to be counterfeits or replications of Ford's trademarks, the RWL Parties represent and warrant that the disclosures attached to this agreement as Exhibit "A" are full and complete disclosures.

4.    <u>Forfeiture and/or Destruction of Infringing Inventory</u>.  The RWL Parties agree to turn over to Ford and its counsel for destruction all products in inventory bearing the Ford Marks (or similar versions thereof), and all images, copies, photographs, silhouettes, tooling or other means of reproducing the such marks and/or products.  To the extent that the RWL Parties claim to have previously disposed of and/or destroyed its inventory as described above, the RWL Parties shall provide to Ford written documentation and/or proof of such destruction, including a sworn declaration from those responsible for carrying out such destruction, if necessary.

5.    <u>Ownership of Ford Marks; Agreement Not to Challenge Validity</u>.  The RWL Parties hereby acknowledge, agree and assent to, Ford's exclusive ownership of Ford Marks, the validity of Ford Marks, the unique value of such marks, the goodwill associated therewith in the minds of the public, the world-wide fame and distinctiveness of Ford Marks, and the validity of the registrations therefore.  The RWL Parties represent, warrant, and covenant to Ford that they shall never directly or indirectly raise, cause to be raised, take any action or assert any claim of any kind relating to the exclusive rights of Ford and their affiliates in and to Ford Marks or the validity of the Ford Marks or registrations, or oppose, seek or attempt to cancel, object to or otherwise challenge any application or registration for any of the Ford Marks.  The RWL Parties acknowledge that Ford's trademarks, trade dress, and other intellectual property rights will change from time to time as Ford adopts, acquires or claims new trademarks, trade dress, and other intellectual property rights.  The RWL Parties further acknowledge that all other intellectual property rights that may be acquired in the future shall be and remain the property of Ford.  The RWL Parties shall never assist, aid or abet any other person or entity in engaging in or performing any of the activities set forth in this Agreement that the RWL Parties is prohibited from engaging in or performing directly.

6.    <u>Stipulation For Dismissal</u>.  Subject to the conditions set forth herein, the parties agree to the entry of the "Stipulated Final Judgment and Permanent Injunction" attached hereto as Exhibit "B" (hereafter the "Injunction Order"), and to jointly stipulate to and move the United States District Court for the Eastern District of Michigan for the entry of said Injunction Order.

7.    <u>Release of Ford's Claims for Damages, Costs, and Attorneys' Fees</u>.  In reliance on and subject to the fulfillment by the RWL Parties of their obligations hereunder, Ford hereby releases and discharges the RWL Parties from any claims for damages, costs, or attorneys' fees arising from the alleged infringement and dilution by the RWL Parties of the Ford Marks up

2

through and including the Effective Date of this Agreement. This paragraph, however, shall not release the RWL Parties from liability for any infringement or dilution of the Ford Marks carried out, caused, or aided in any way by the RWL Parties after the Effective Date of this Agreement or the other dates specified in this Agreement.

8.     Release of the RWL Parties' Claims for Damages, Costs, and Attorneys' Fees. The RWL Parties, on behalf of themselves, their successors, and assigns, hereby release and discharge Ford from any claims for damages, costs, or attorneys' fees arising from any claims the RWL Parties may have up through and including the date of execution of this Agreement.

9.     Section 1542 of the California Civil Code. The parties hereby expressly waive any and all rights or benefits conferred by the provisions of Section 1542 of the California Civil Code, and by any similar provision of the law of any state, or federal law, now in effect or in effect in the future, and expressly consent that this Agreement shall be given full force and effect according to each and all of its express terms and conditions, including those relating to unknown and unsuspected claims, demands and causes of action specified above, if any. Section 1542 provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing a release, which if known by him must have materially affected his settlement with the debtor."

The parties acknowledge that they understand the significance and potential consequences of their release of unknown claims and of the specific waiver of their rights under Section 1542 or similar law.

10.    Further Action. The parties shall execute and deliver all documents, provide all information, and take or forbear from all such action as may be necessary or appropriate to achieve the purposes of this Agreement.

11.    Integration. This Agreement constitutes the entire agreement between the parties and supersedes all prior agreements, negotiations, or understandings pertaining hereto. No covenant, representation, warranty, or condition not expressed in this Agreement will affect or be deemed to interpret, change, or restrict the express provisions hereof.

12.    Severability. In the event that any condition, covenant, or other provision herein contained is held to be invalid or void, the same shall be deemed severable from the remainder of this Agreement and in no way shall affect any other covenant or condition herein contained. If such condition, covenant, or other provision shall be deemed invalid due to its scope or breadth, such provision shall be deemed valid to the extent of the scope or breadth permitted by law.

3

13.     Breach of the Agreement.  The RWL Parties agree and acknowledge that any breach of this Agreement will cause irreparable harm to Ford, and that Ford will be entitled to both a preliminary and permanent injunction against the RWL Parties for any breach of this Agreement, as well as any other remedy allowed by law.  The RWL Parties further agree that if any of them breaches this Agreement, the breaching party will pay all costs incurred by Ford in enforcing this Agreement, including reasonable attorneys' fees, whether incurred with or without suit or before or after judgment.

14.     Authority to Sign.  The persons executing this Agreement warrant and represent that they have the power and authority to execute this Agreement.

15.     Binding Effect.  This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors, heirs, and assigns.

16.     Modifications.  This Agreement may not be amended, modified, superseded, or canceled, and none of the terms, covenants, representations, warranties, and conditions may be waived except by written instrument.  In the case of waiver, the waiver must be signed by the party waiving compliance.  Failure of any party at any time or times to require strict performance of any provision hereof shall not in any manner affect the right of such party at a later date to enforce the same.

17.     Governing Law.  This Agreement shall be exclusively governed by and construed in accordance with the laws of the State of Michigan.

18.     Advice of Counsel.  In executing this Agreement, the RWL Parties acknowledge that they have read the entire Agreement, and understand that the terms hereof are contractual and not a mere recital, and agree that they are not relying upon any statement or representation made by Ford, its counsel, or any other agents or employees of Ford concerning any matter and are relying upon their own judgment.

19.     No Assignment to Third Parties.  The parties hereby represent and warrant that they have not, and will not in the future, assign or transfer, or purport to assign or transfer, to any person or entity any claim or cause of action released hereunder, or any right or benefit derived hereunder, and further agree to indemnify the other party hereto against any liability, loss, damage, cost or expense, including reasonable attorneys' fees arising out of any breach of this representation and warranty.

20.     Future Disputes.  The parties agree to the exclusive jurisdiction of the United States District Court for the Eastern District of Michigan to resolve any and all issues relating to this Agreement.

21.     Counterparts.  This Agreement may be executed in counterparts, and each counterpart, once executed, shall have the efficacy of a signed original.  True and correct copies

4

of signed counterparts may be used in place of originals for any purpose. A facsimile of an original signature transmitted to the other party is effective as if it was an original

**AGREED TO:**

**FORD MOTOR COMPANY**

By: _____

Its: _____

**REV WHEEL, LLC**

By: _Robert McMath_

Its: _____

**PERFORMANCE WHEEL PRODUCTS, INC.**

By: _Robert McMath_

Its: _____

**ROBERT R. McMATH**

By: _Robert R. McMath_

Its: _____

5